IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. MOONEY, JR., | ) | CASE NO. 5:09CV2760 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE GWIN |
| v. | ) | |
| | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| STATE OF OHIO, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Charles M. Mooney, Jr. ("Mooney") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 24, 2009. Mooney is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Mooney*, Case No. 2006-CR1470 (Stark County 2006). For the reasons set forth below, the court should dismiss Mooney's petition.

I.

The state appellate court reviewing Mooney's conviction during his initial appeal found the following facts to be relevant to his case:

> Appellant Charles Mason Mooney, Jr. appeals from his conviction and sentence, in Stark County Court of Common Pleas, for rape. The relevant facts leading to this appeal are as follows.
>
> Shortly before midnight on September 30, 2002, Kimberly Hardin went to a Canton tavern known as "Mark's Bar" and met up with her friend, Tommy Morris. After

having a few drinks and playing pool, Hardin and Morris left the bar, with Morris driving. At about 2:00 AM, Morris stopped somewhere within the limits of Stark County to fix a flat tire. As Hardin and Morris attempted to put on the spare tire, a car pulled up behind them. An African-American male approached and asked if he could help. Hardin rode with the man to his house, which was only about one minute away. Hardin went inside to use the bathroom, while the man ostensibly went to find a flashlight. The last thing Hardin recalled that night was coming down the stairs from the bathroom and seeing the man with a raised bottle in his hand.

About four hours later, emergency medical technicians responded to an assistance call at 1557 Warner Road SW, Canton. Hardin was found on the sidewalk in front of the residence, naked from the waist up. She had head and face lacerations, and bruising about her eyes and head. Hardin was thereupon treated at Aultman Hospital, where she told a treating nurse that she had been beaten up and raped.

Hardin was unable to identify her attacker, other than recalling that he was African-American. The case thus sat unsolved for four years. However, in 2006, Canton police detectives found a match, under the Combined DNA Indexing System ("CODIS"), with the collected evidence in Hardin's rape kit, leading to appellant as a suspect. Appellant voluntarily gave his permission for an oral swab sample, which statistically matched the DNA in the semen evidence obtained during Hardin's treatment at Aultman Hospital in 2002. Detectives also determined that in 2002, appellant lived just 500 feet from the location where the injured Hardin had been found on Warner Road.

On September 15, 2006, the Stark County Grand Jury indicted appellant on one count of rape (R.C. 2907.02(A)(1)(c) and (A)(2)) and one count of felonious assault (R.C. 2903.11(A)(1)). Appellant obtained appointed counsel and pled not guilty to both charges.

The trial court appointed new defense counsel on February 5, 2007. The matter proceeded to a jury trial on April 12 and 13, 2007. During voir dire, the State challenged two African-American jurors for cause. The trial court sustained the challenges for cause over appellant's objection.

Following the State's presentation of its case, appellant moved for an acquittal, which the trial court denied. Appellant thereupon presented one witnesses in his defense, a former girlfriend. The jury returned a verdict of guilty on the charge of rape, but not guilty on the charge of felonious assault. Following an immediate sentencing hearing, the trial court sentenced appellant to ten years in prison for rape, consecutive to unrelated prison terms he was already serving.

*State v. Mooney*, Case no. 2006 CR 01470, at 2-3 (Stark Co. April 21, 2008).

Mooney timely filed a notice of appeal. In his state appellate brief, Mooney asserted

seven assignments of error:

### Assignment of Error I

The trial court erred in permitting the state to use a peremptory challenge in a racially discriminatory fashion.

### Assignment of Error II

The trial court erred in admitting hearsay statements of a witness who did not recall those statements or the surrounding events.

### Assignment of Error III

The trial court erred in not granting the appellant's motion in limine to exclude hearsay statements alleged victim made to emergency room nurse.

### Assignment of Error IV

The trial court erred in not granting the appellant's Rule 29 motion for acquittal based upon a failure to establish venue.

### Assignment of Error V

The trial court erred in not providing the appellant with the transcript of the alleged victim's grand jury testimony.

### Assignment of Error VI

The appellant was denied his right to a fair trial due to prosecutorial misconduct.

### Assignment of Error VII

The trial court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence.

On April 21, 2008, the state appellate court overruled Mooney's assignments of error and affirmed the judgment of the trial court.

Mooney failed timely to perfect an appeal to the Ohio Supreme Court. On July 25, 2008, he filed in the Ohio Supreme Court a notice of appeal and moved for a delayed appeal. The Ohio Supreme Court denied his motion and dismissed his cause of action on

September 10, 2008.

On November 5, 2008, Mooney moved in the trial court for a new trial. The trial court denied his motion as containing the same arguments that had been rejected by the state appellate court.

Mooney filed in this court a petition for a writ of habeas corpus on November 24, 2009. Mooney asserts seven grounds for relief:

> Ground One: Denied motion for acquittal rule 29 during trial after finding alleged victim committing perjury at (T.R. 249) during cross examination by defense.
>
> Ground Two: Peremptory challenge, by removing a juror.
>
> Ground Three: Hearsay: The trial court erred in allowing certain alleged hearsay statements by the victim into evidence.
>
> Ground Four: The court erred in denying our motion [in] limine to exclude testimony by the emergency room nurse regarding statements made by the victim.
>
> Ground Five: Factor of venue in conviction was not supported by sufficient evidence.
>
> Ground Six: The courts erred in denying my request for the transcript of the victim's grand jury testimony.
>
> Ground Seven: Prosecutorial misconduct deprived me of my right to a fair trial

(Spelling and punctuation altered from the original.) Respondent filed an Answer/Return of Writ on February 19, 2010. Thus, the petition is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Stark County, Ohio sentenced Mooney. Mooney filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Stark County is within this court's geographic jurisdiction. This court has jurisdiction over Mooney' petition.

*B.    Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Mooney's claims involve legal issues which can be independently resolved without additional factual inquiry.

*C.    Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir.

5

1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard, 404 U.S. at 275; *see also* Harris v. Reeves, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. Manning v. Alexander, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Mooney has no state remedies available for his claims. Because no state remedies remain available to him, Mooney has exhausted state remedies.

*D. Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue. *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Respondent contends that Mooney has defaulted all his grounds for relief.

7

Respondent argues that Mooney failed properly to perfect his appeal to the Ohio Supreme Court by filing a notice of appeal within 45 days of entry of judgment in the state appellate court, as required by Ohio S. Ct. Prac. R. II § 2(A) ("R. II 2(A)"). The state appellate court filed its judgment on April 21, 2008. Mooney did not file a notice of appeal until July 25, 2008, nearly two months after his deadline for filing a timely notice of appeal. Consequently, Mooney's appeal to the Ohio Supreme Court was untimely.

The Sixth Circuit has held that a dismissal pursuant to R. II 2(A) is a dismissal on procedural grounds, not a dismissal on the merits. *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 432, 432 n.3 (6th Cir. 2006). Appellants applying for delayed appeal to the Ohio Supreme Court and having received a denial of their application have procedurally defaulted their claims. *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

The requirement that appellants file a notice of appeal in the Ohio Supreme Court within 45 days of the entry of judgment pursuant to R II 2(A) is an adequate and independent state ground on which Ohio may rely to foreclose habeas relief. *Smith*, 463 F.3d at 431-32, 432 n.3. The Sixth Circuit has also found that denial of review pursuant to R. II 2(A) is an adequate and independent ground upon which Ohio may rely to foreclose habeas review. *Id.* at 431-32.

Mooney does not demonstrate cause and prejudice for his procedural defaults. Consequently, his procedural defaults should not be excused.

For these reasons, Mooney's seven grounds for relief should be dismissed as procedurally defaulted.

IV.

For the reasons given above, all seven of Mooney's grounds for relief have been procedurally defaulted. Mooney's petition should, therefore, be dismissed with prejudice.

Date: January 26, 2011            /s/ *Nancy A. Vecchiarelli*
                                                  United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)**. ***See also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111**.