PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES M. MOONEY, JR., ) | |
| ) | CASE NO. 5:09cv2760 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STATE OF OHIO, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Regarding ECF No. 8] |

On January 28, 2011 Magistrate Judge Nancy A. Vecchiarelli issued a Report and Recommendation that Petitioner's petition should be dismissed with prejudice. ECF No. 7. Petitioner timely filed an Objection to the Report and Recommendation. ECF No. 8.

I.

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.* The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Accordingly, the Court has conducted a *de novo* review of the Magistrate Judge's Report and has considered Petitioner's arguments raised in his Objection. The Court agrees with the recommendation of the Magistrate Judge that Petitioner's petition be dismissed.

II.

Petitioner appears to argue his untimely notice of appeal to the Supreme Court of Ohio

(5:09cv2760)

was due to ineffective assistance of counsel. ECF No. 8 at 1. Petitioner had no constitutional right to counsel on his discretionary appeal, rendering any claim of ineffective assistance of counsel in the Supreme Court of Ohio a meritless ground upon which to base his procedural default. *See* Tanner v. Jeffreys, 516 F. Supp. 2d 909, 917 (N.D. Ohio 2007) ("Petitioner's procedural default which occurred on appeal to the Supreme Court of Ohio cannot be attributed to counsel, because Petitioner was not entitled to counsel for that appeal."); Ross v. Moffitt, 417 U.S. 600, 615-16 (1974).

Petitioner also appears to argue his incarceration and required classes made it difficult for him to timely appeal. ECF No. 8 at 1. Since every appeal from conviction resulting in incarceration comes with attendant incarceration, the Court cannot conceive this to be sufficient grounds for showing cause for Petitioner to not follow the procedural rule. *See* Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986) (petitioner must show there was "cause" for him to not follow the procedural rule). Petitioner's Objection is denied.

III.

The Court adopts the Magistrate Judge's Report and Recommendation (ECF No. 7). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  October 3, 2012                               /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                               United States District Judge